UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| REMIGIO ARCINIEGA MARTINEZ, III, | ) | |
| Institutional ID No. 1191578, | ) | |
| SID No. 4758157, | ) | |
| Previous TDCJ Nos. 698705, 765224, and | ) | |
| 799604, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:09-CV-196-BG |
| OFFICER VILLALOBOS, | ) | ECF |
| *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**I.     Procedural Background**

Appearing *pro se* and *in forma pauperis*, Plaintiff Remigio Arciniega Martinez, III, an inmate incarcerated by the Texas Department of Criminal Justice ("TDCJ"), filed this action pursuant to 42 U.S.C. § 1983, complaining that Defendants violated his constitutional rights during his confinement at the Preston E. Smith Unit ("Smith Unit"). Martinez specifically complains that Defendants retaliated against him and acted with deliberate indifference to his serious medical needs. He identifies the Defendants as follows: Officer NFN Villalobos, an officer at the Smith Unit; Joseph Meegan, a Physician's Assistant ("PA") at the Smith Unit; Shane Martinez, a medical complaints coordinator; Warden NFN Griggs, the warden at the prison; and Guy Smith, a program administrator.

The United States District Court transferred the case to the United States Magistrate Judge for further proceedings. The undersigned therafter reviewed authenticated records from TDCJ and conducted a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985),

at which Martinez consented to the jurisdiction of the United States Magistrate Judge. After reviewing Martinez's complaint and his testimony at the *Spears* hearing, the undersigned determined that Martinez's complaint included claims that were sufficient to withstand preliminary screening and entered an order directing service upon the Defendants. The Defendants filed answers and responsive pleadings but did not consent to the jurisdiction of the United States Magistrate Judge. The undersigned now files this Report and Recommendation.

## II.     Martinez's Allegations

Martinez sets forth allegations in his complaint to support two different claims of deliberate indifference to serious medical needs. Martinez brings his first claim against Defendant Villalobos. Martinez claims he was transported to a local emergency room on September 19, 2007, for treatment of a two-inch laceration on his left forearm. He claims a doctor ordered that the cut be sutured and that the doctor told Villalobos that Martinez's hand restraints should be removed. Martinez claims Villalobos refused to remove the hand restraints and that his cut was not sutured as a result of Villalobos' refusal to comply with the doctor's orders. He claims the cut was cleaned at the Robertson Unit for infection and that it took three months for the cut to heal and that it hurt needlessly. He testified at the *Spears* hearing that the scar on his arm is two and one-half inches to three inches long and one and one-half inches wide, and he claims in his complaint that the "large scar" reminds him of the incident. Martinez faults Villalobos with deliberately interfering with physician's orders.

The facts that give rise to Martinez's second claim involve Defendant PA Meegan. Martinez claims that on November 17, 2008, Meegan examined a small hard lump in his left testicle while he (Martinez) was in his cell and Meegan stood outside his cell. Martinez claims Meegan took no

2

action after he examined the lump. He claims Meegan examined him cell side again on December 22, 2008, and that he prescribed antibiotics for the problem at that time. Martinez claims Meegan examined him cell side again on March 27, 2009. Martinez claims that the lump was the size of a walnut at that time but that "no treatment resulted." Martinez complains that Meegan refused to extract him from his cell when he complained about the lump and that Meegan conducted examinations of his testicle outside of his cell by merely looking through the cell door into the cell. He claims he discovered after the cell side examination in March 2009 that Meegan had falsified certain records to make it appear as though he (Martinez) had insisted that only a female could examine him. He further claims that he learned that another inmate had been found to have the same type of lump in his testicle and that Meegan had referred the inmate to a physician for examination and diagnosis. Martinez believes that Meegan should have taken the same course of action in his case and that Meegan purposefully did not do so in order to cause him harm. He claims it was discovered that he had cancer in his testicle nine months after he first complained of the lump: he claims he was examined by a doctor on July 1, 2009, that he underwent an ultrasound thereafter, and that a doctor notified him in August 2009 that the results of the test showed that there was a cancerous tumor in his testicle. The testicle was removed on August 26, 2009.

Martinez claimed at the *Spears* hearing that Meegan intentionally treated him incorrectly. He claimed that Meegan's refusal to examine him outside his cell was an act of retaliation and specifically claimed that Meegan retaliated against him for filing grievances. In regard to the remaining defendants – Martinez, Griggs, and Smith – Martinez alleges that the officers established and tolerated a custom/policy that caused him harm.

### III. Procedural Status

Pending before the court are the following motions:

(1) "Defendant Shane Martinez's Motion to Dismiss and Motion for Rule 7 Reply and Supporting Brief"(Docket No. 15);

(2) "Defendants Griggs, Meegan, and Smith's Rule 7(a) Motion Asserting Qualified Immunity Defense with Brief in Support" (Docket No. 23);

(3) "Plaintiff's Motion for Partial Summary Judgment" (as to Defendant Meegan) (Docket No. 33);

(4) Plaintiff's "Motion for Partial Summary Judgment Against Defendants Enrique Villalobos and Gary Griggs" (Docket No. 34); and

(5) Plaintiff's "Motion for Summary Judgment" (Docket No. 40).

For the reasons set forth in this Report and Recommendation, the undersigned recommends that the District Court take the following actions on the above-listed motions:

(1) Grant Defendant Martinez's motion (Docket No.15) and dismiss the claims set forth against him;

(2) Deny in part and grant in part the motion filed by Defendants Meegan, Griggs, and Smith (Docket No. 23): the motion as it relates to Defendant Smith should be denied as moot and the motion as it relates to Defendants Meegan and Griggs should be granted and Plaintiff Martinez ordered to file a reply brief pursuant to Fed. R. Civ. P. 7(a);

(3) Deny Plaintiff's motion for summary judgment against Defendant Meegan (Docket No. 33);

(4) Deny Plaintiff's motion for summary judgment against Defendants Villalobos and Griggs (Docket No. 34); and

(5) Deny or strike Plaintiff's motion for summary judgment against Defendants Villalobos and Griggs (Docket No. 40).[1]

---

[1] It should be noted that Defendant Villalobos filed an answer out of time by leave of the court on February 17, 2010. Although Villalobos asserted affirmative defenses in his answer, he has not moved for dismissal of the claims Martinez has brought against him.

**IV.     Defendant Shane Martinez's Motion**

Plaintiff Martinez claims Defendant Martinez worked as a medical complaints coordinator and that he "established/tolerated" a "custom/policy" of deliberate indifference that caused him harm. He specifically claims that Defendant Martinez established and tolerated the policy and custom of not extracting inmates from their cells for physical examinations.

Defendant Martinez filed his motion to dismiss and motion for a Rule 7 reply on February 10, 2010. Defendant Martinez argues that dismissal of the claims asserted against him is proper because he was a county employee at the time of the events that gave rise to this action: he claims he was employed by the Dawson County Hospital District in Lamesa, Texas, and that, as a governmental employee, he is entitled to qualified immunity. He claims the allegations Plaintiff Martinez asserts against him do not state a claim upon which relief can be granted, that he is entitled to qualified immunity, and that Plaintiff Martinez has failed to plead facts sufficient to overcome the defense of qualified immunity.

In the context of determining entitlement to qualified immunity, the threshold inquiry is whether the plaintiff's allegations, if true, establish a constitutional violation. *Roe v. Texas Dep't of Protective and Regulatory Servs.*, 299 F.3d 395, 401 (5th Cir. 2002). The court proceeds with further inquiry only if it is determined that the defendant engaged in "constitutionally impermissible conduct." *Id.* (citation omitted). Plaintiff Martinez's pleadings do not establish that Defendant Martinez engaged in or was personally involved in any of the constitutional violations he alleges. Plaintiff Martinez has not pointed in his pleadings or in any of his responses, motions, and other filings to any decision Defendant Martinez made in regard to his medical care, and nothing in his allegations suggest that Defendant Martinez was a physician or member of medical staff with

5

authority to make decisions regarding the policy of how or when medical care was provided to TDCJ inmates. In addition, the manner in which Plaintiff Martinez specifically identifies Defendant Martinez – as a medical complaints coordinator – suggests that Defendant Martinez received and reviewed patient complaints. Such action, without more, does not state a claim for liability on the part of Defendant Martinez. There is no constitutional requirement that inmates have their written complaints resolved in a certain manner; an inmate does not have a "federally protected liberty interest in having [his] grievances resolved to his satisfaction." *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005). Defendant Martinez's argument that he is entitled to qualified immunity has merit, and his motion to dismiss on grounds of qualified immunity should be granted. In addition and in the alternative, the court may dismiss Plaintiff Martinez's claims against Defendant Martinez under the directives of 28 U.S.C. § 1915. Congress has mandated dismissal of a complaint filed *in forma pauperis* at any time if it is determined that the allegation of poverty is untrue or that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir.1995) (acknowledging that liability cannot be imposed under § 1983 unless the defendant was either personally involved in the constitutional violation or their acts are causally connected to the constitutional violation).

V. **Defendants Griggs', Meegan's, and Smith's Motion**

Defendants Griggs, Meegan, and Smith assert their entitlement to qualified immunity and ask the court to order Plaintiff Martinez to address their defense of qualified immunity by filing a response pursuant to Rule 7 of the Federal Rules of Civil Procedure. The motion should be granted in part and denied in part.

6

The motion as it relates to Plaintiff Martinez's claims against Defendant Smith may be denied as moot. Plaintiff filed a motion that was docketed as a motion to nonsuit Defendant Smith on May 12, 2010, (Docket No. 51). The undersigned recommends that the District Court construe the motion to nonsuit Defendant Smith as a motion to voluntarily dismiss the claims in this action against Defendant Smith and enter judgment dismissing Martinez's claims against Defendant Smith pursuant to Fed. R. Civ. P. 42 (a)(2). A dismissal of Defendant Smith from the action will necessarily moot Smith's motion for a Rule 7 reply.

Defendants Meegan's and Griggs's motion should be granted. Upon a public official's assertion of the assertion of the defense of qualified immunity, the court may, on the official's motion or *sua sponte*, require the plaintiff to file a reply tailored to the assertion of qualified immunity. *Shultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). In cases in which the defendant raises the defense of qualified immunity and greater detail would assist in the determination as to the appropriateness of the defense, the discretion not to order a reply before dismissal is narrow. *Id*. at 1434. Requiring the plaintiff to file a short and plain statement in his complaint followed by a more particularized reply pursuant to Rule 7 is "the preferred procedure preceding consideration of a motion to dismiss on grounds of qualified immunity." *Todd v. Hawk*, 72 F.3d 443, 446 (5th Cir. 1995). Heightened pleading is necessary in a case in which qualified immunity is asserted, and therefore a Rule 7 reply should include allegations focusing specifically on conduct of the defendants that allegedly caused the plaintiff's injury. *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999) (citing *Wicks v. Mississippi State Employment Servs*., 41 F.3d 991, 995 (5th Cir. 1995)).

Defendant Meegan argues that Plaintiff Martinez's pleadings demonstrate that he was provided with medical care and that the allegations in his complaint demonstrate only dissatisfaction

7

with the medical care he received. Defendant Meegan is not entirely correct. As noted above, Plaintiff Martinez alleged at the *Spears* hearing that Meegan intentionally refused to properly examine his testicle and that he did so with the intent to retaliate against him because he filed grievances. A reply tailored to Defendant Meegan's defense of qualified immunity that includes specific factual allegations regarding Plaintiff Martinez's claim that Defendant Meegan acted with deliberate indifference for the purpose of retaliating against him for writing grievances is appropriate.

## VI. Plaintiff Martinez's Motions for Summary Judgment

Plaintiff filed a motion for partial summary judgment on his claims against Defendant Meegan on April 5, 2010; a motion for partial summary judgment on his claims against Defendant Villalobos and Griggs on April 8, 2010; and a motion for summary judgment on his "Health Liability Claim" on April 28, 2010.

The motion Martinez filed on April 5, 2010, consists entirely of a reassertion of his Eighth Amendment claim against Defendant Meegan; an elaboration of the allegations he set forth at the *Spears* hearing against Defendant Meegan; and legal argument. Martinez does not point in the motion to any factual evidence that would support summary judgment against Defendant Meegan, and he did not attach any such evidence to his motion. Martinez likewise failed to point to or attach any factual evidence that would support the motion for summary judgment he filed on April 8, 2010. The motion consists entirely of legal argument related to the Equal Protection Clause and the deliberate indifference standard. The court may enter summary judgment if the pleadings and evidence show that there is no genuine issue as to any material fact and that a party is entitled to a judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91

L.Ed.2d 265 (1986). The burden is on the moving party to show that summary judgment is appropriate. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). Summary judgment is appropriate when competent summary judgment evidence is presented which demonstrates that there is no genuine issue of material fact and that the moving party is entitled to summary judgment as a matter of law. *Id*. Martinez has not shown with competent summary judgment evidence that he is entitled to summary judgment in the motions filed and docketed on April 5, 2010, and April 8, 2010. Martinez' motions for summary judgment (Docket Nos. 33 and 34) should therefore be denied.

The motion for summary judgment Martinez filed on April 28, 2010, consists of Martinez's argument as to how he believes Meegan violated his rights under state law. Although Martinez attached evidence to the motion, the evidence consists of sick call requests and none of the evidence demonstrates that Martinez is entitled to judgment as a matter of law. Martinez's motion should therefore be denied. In addition and in the alternative, the motion may be stricken from the record. Defendant Meegan filed a motion on May 7, 2010, to strike the motion Martinez filed on April 28, 2010. (*See* Docket No. 48.) Defendant Meegan points out in his motion that Martinez filed a motion for summary judgment on April 5, 2010, in which he seeks summary judgment on his claim against Defendant Meegan. (*See* Docket No. 33.) Defendant Meegan further points out that Plaintiff filed the second motion for summary judgment as to claims against him on April 28, 2010. (*See* Docket No. 40.) Citing Local Rule 56.2(b), Defendant Meegan asks the court to strike Plaintiff's second motion for summary judgment. Local Rule 56.2(b) directs: "Unless otherwise directed by the presiding judge, or permitted by law, a party may file no more than one motion for summary judgment." *Id*. Pursuant to Local Rule 56.2(b) Defendant Meegan's motion may be granted and Martinez's second motion for summary judgment against Defendant Meegan filed on

April 28, 2010, may be stricken from the record.

## VII. Remaining Motions

Plaintiff has filed the following non-dispositve motions that remain pending before the court:

(1) Motion for a temporary injunction (Docket No. 42);

(2) Motion for injunctive relief (requesting medical care) (Docket No. 51);

(3) Motion for a new trial (Docket No. 64);

(4) Motion for injunctive relief (requesting transfer to another facility) (Docket No. 67);

(5) Motion for injunctive relief (regarding use of handcuffs behind back) (Docket No. 68).

The undersigned recommends that the District Court construe the motion to nonsuit Defendant Smith as a motion to voluntarily dismiss the claims in this action against Defendant Smith and enter judgment dismissing Martinez's claims against Defendant Smith.

The undersigned further recommends that the four remaining motions (Docket Nos. 42, 51, 64, 67, 68) be denied. Martinez's motion for a new trial is without foundation and he has not met his burden of showing that injunctive relief is warranted. *See Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418-20 (5th Cir. 2001); *Hay v. Waldron*, 834 F.2d 481, 484 (5th Cir. 1987).

## VIII. Recommendation

Based on the foregoing discussion, the undersigned recommends that the District Court:

(1) Grant Defendant Martinez's motion (Docket No.15) and dismiss the claims set forth against him;

(2) Deny in part and grant in part the motion filed by Defendants Meegan, Griggs, and Smith (Docket No. 23): the motion as it relates to Defendant Smith should be denied as moot after an entry of judgment dismissing Smith from the case, and the motion as it relates to Defendants Meegan and Griggs should be granted and Plaintiff Martinez ordered to file a reply brief pursuant to Fed. R. Civ. P. 7(a);

(3) Deny Plaintiff Martinez's motion for summary judgment against Defendant Meegan (Docket No. 33);

(4) Deny Plaintiff Martinez's motion for summary judgment against Defendants Villalobos and Griggs (Docket Nos. 33 & 34);

(5) Deny or strike Plaintiff Martinez's motion for summary judgment against Defendants Villalobos and Griggs (Docket No. 40);

(6) Deny Plaintiff Martinez's motion for a new trial (Docket No. 64); and

(7) Deny Plaintiff Martinez's motions for injunctive relief (Docket Nos. 42, 51, 67, 68).

## IX. Right to Object

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: July 27, 2010.

*[signature]*
NANCY M. KOENIG
United States Magistrate Judge