IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| REMIGIO ARCINIEGA MARTINEZ, III, | ) | |
| Institutional ID No. 1191578, | ) | |
| SID No. 4758157, | ) | |
| Previous TDCJ Nos. 698705, 765224, and | ) | |
| 799604, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:09-CV-196-C |
| OFFICER VILLALOBOS, | ) | ECF |
| *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff Remigio Arciniega Martinez, III, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendants Officer NFN Villalobos, Joseph Meegan, Shane Martinez, Warden NFN Griggs, and Guy Smith, complaining about the conditions of his confinement in the Preston E. Smith Unit of the Texas Department of Criminal Justice, Institutional Division ("TDCJ-ID"). Plaintiff specifically complains that Defendants retaliated against him and acted with deliberate indifference to his serious medical needs.

The complaint was transferred to the docket of the United States Magistrate Judge, who held a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985) on January 12, 2010. Plaintiff consented to proceed before the United States Magistrate Judge, and Defendants were ordered to file answers or other responsive pleadings. Defendants did not consent to the jurisdiction of the Magistrate Judge. Pursuant to this Court's Order entered on October 2, 2009, the Magistrate Judge entered findings of fact, conclusions of law, and

recommendation for disposition on July 27, 2010 ("the Report and Recommendation"); and on August 4, 2010, Plaintiff filed objections which were signed and dated August 2, 2010.

This Court has made an independent review of the record in this case and determines that the findings and conclusions are correct and should be adopted with two exceptions:

(1) Although Plaintiff had filed a motion to nonsuit Defendant Guy Smith on May 12, 2010 (Doc. 51), which the Magistrate Judge recommended should be granted, the Court notes that on August 18, 2010, Plaintiff filed a motion stating in part that he "seeks to put his claim(s) against Defendant Guy Smith to their previous position," which this Court construes as a motion to rescind the motion to nonsuit Defendant Smith (*see* Doc. 81). Therefore, the Court declines to adopt the Magistrate Judge's recommendation as it pertains to Defendant Smith only.

(2) The Magistrate Judge recommended that Defendant Meegan's Motion to Strike Plaintiff's Second Motion for Summary Judgment with Brief in Support (Doc. 48) be granted as an alternative to denying Plaintiff's Motion for Summary Judgment for Health Liability Claim (Doc. 40). The Court finds that Plaintiff's Motion for Summary Judgment for Health Liability Claim should be DENIED for the reasons stated in the Report and Recommendation; therefore, Defendant Meegan's Motion to Strike should be DENIED as moot.

The Court finds that Plaintiff's objections should be overruled in all things and the Magistrate Judge's findings, conclusions, and recommendation should be **adopted, except** as stated hereinbefore.

It is, therefore, ORDERED:

(1) Defendant Shane Martinez's Motion to Dismiss (Doc. 15) is GRANTED, and Plaintiff's claims against Defendant Shane Martinez are DISMISSED with prejudice for failure to state a claim. Defendant Martinez's alternate Motion for Rule 7 Reply is denied as moot.

Judgment shall be entered accordingly.

(2) Defendants Griggs, Meegan, and Smith's Rule 7(a) Motion Asserting Qualified Immunity with Brief in Support (Doc. 23) is GRANTED.

(3) On or before the expiration of twenty days from the date of this Order, Plaintiff shall file a detailed reply to Defendants Meegan, Griggs, and Smith's assertion of qualified immunity, pursuant to Federal Rules of Civil Procedure Rule 7(a). Plaintiff's reply shall provide the facts Plaintiff contends overcome Defendants' claim of qualified immunity. *See*, *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995).

**A failure to timely and fully comply with this Order may result in the dismissal of this case for failure to prosecute.**

(4) Plaintiff's Motion for Partial Summary Judgment on his claims against Defendant Meegan (Doc. 33) is DENIED.

(5) Plaintiff's Motion for Partial Summary Judgment Against Defendants Enrique Villalobos and Gary Griggs (Doc. 34) is DENIED.

(6) Plaintiff's Motion for Summary Judgment for Health Liability Claim (Doc. 40) is DENIED.

(7) Defendant Meegan's Motion to Strike Plaintiff's Second Motion for Summary Judgment with Brief in Support (Doc. 48) is DENIED as moot.

(8) Plaintiff's Motions for Temporary Injunction Against Indigent Supply and Law Library and Court Ordered Rule 26(f) Meeting (Doc. 42), Motion for Nonsuit of Guy Smith and Motion for Prospective Injunctive Relief (Doc. 51), Motion for New Trial; Alter or Amend Judgment (Doc. 64), Motion for Court Ordered Transfer (Doc. 67), and Motion for Injunctive Relief (Doc. 68), are DENIED.

Dated September 16, 2010.

_____
SAM R. CUMMINGS
UNITED STATES DISTRICT JUDGE